U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 AUG 14 PM 3:56

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMES BARTSHE, )
 )
Plaintiff, )
 )
v. ) Case No. 2:18-cv-166
 )
JIM BAKER, COMMISSIONER OF VERMONT )
DEPARTMENT OF CORRECTIONS, MARBLE )
VALLEY CORRECTIONAL FACILITY, )
MICHAEL LYONS, JOSHUA RUTHERFORD, )
TOM GIFFIN, HEIDI FOX, SUP HOAGUE, )
CO GOODRICH, CENTURION OF VERMONT, )
DR. FISCHER, LUAN TREDWELL, )
HILLARY HANSON, ELLEN CASEY, and )
BENJAMIN WATTS, )
 )
Defendants. )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
DISMISSING WITHOUT PREJUDICE PLAINTIFF'S REMAINING CLAIMS**
(Docs. 25 & 41)

This matter came before the court for a review of the Magistrate Judge's July 17, 2020 Report and Recommendation ("R & R") (Doc. 41), in which he recommended the court grant in part and deny in part the motion for summary judgment filed by Defendant Jim Baker, the Commissioner[1] of the Vermont Department of Corrections ("DOC") (Doc. 25), on Plaintiff James Bartshe's claims that Defendants failed to provide him with reasonable accommodations under Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, for his hearing disability. The Magistrate Judge further recommended that the court dismiss without prejudice Plaintiff's claims against the

---

[1] Since this case was removed to this court on October 12, 2018, Lisa Menard and Michael Touchette have acted and stepped down as the Commissioner of DOC.

remaining Defendants for failure to effect service. No party has filed an objection to the R & R, and the time period to do so has expired.

Plaintiff is represented by Annemarie Manhardt, Esq. and Jill P. Martin, Esq. Defendants are represented by Pamela L.P. Eaton, Esq., Robert M. LaRose, Esq., and Stephen J. Soule, Esq.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-two-page R & R, the Magistrate Judge properly determined that Defendant's motion for summary judgment should be granted in part with respect to Defendant's accommodations in the areas of captioning and media and DOC's flashing light emergency alert system because there were no genuine disputes as to a material fact and Defendant was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

With regard to Plaintiff's claims that DOC denied him reasonable accommodations for telecommunications, American Sign Language ("ASL") interpretation, and the alternative notification procedures, the Magistrate Judge correctly recognized the existence of disputed issues of material facts and the need for a jury to determine the reasonableness of DOC's accommodations, *see Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) ("The reasonableness of an . . . accommodation is a 'fact-specific' question that often must be resolved by a factfinder[]"), and therefore recommended that the court deny those portions of Defendant's motion for summary judgment.

2

After warning Plaintiff on December 17, 2019 that his claims against the remaining Defendants were subject to dismissal without prejudice based on insufficient and untimely service of process, the Magistrate Judge further recommended that Plaintiff's claims against the remaining Defendants should be dismissed for failure effect service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The court agrees with these well-reasoned conclusions and adopts them in their entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 41) as the court's Opinion and Order; GRANTS IN PART Defendant's motion for summary judgment with respect to Plaintiff's claims that DOC denied him the opportunity to participate in or benefit from DOC's services in the areas of captioning, media, and the flashing light emergency alert system; DENIES IN PART the portion of Defendant's motion for summary judgment which relates to Plaintiff's claims regarding Defendant's accommodations for telecommunications, ASL interpretation, and the alternative notification procedures; and DISMISSES WITHOUT PREJUDICE Plaintiff's claims against the remaining Defendants. (Doc. 25.)
SO ORDERED.

Dated at Burlington, in the District of Vermont, this ____ day of August, 2020.

Christina Reiss, District Judge
United States District Court